UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

CARLOS GILBERT LAW,

        Plaintiff,

  v.

DEPUTY SILVA, et. al.,

        Defendants.

                                 /

No. C 15-0955 NJV (PR)

**ORDER TO SHOW CAUSE**

Plaintiff, a detainee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. When plaintiff filed this action he was being held at the county jail at 425 7th Street, San Francisco, CA. Plaintiff appears to have been released from custody but is now back in custody and being held at the county jail at 1 Moreland Dr., San Bruno, CA. *See* Docket No. 34 in *Law v. Starr*, 14-5455 NJV. Plaintiff has also filed an application to proceed in forma pauperis.

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The phrase "fails to state a claim on which relief may be granted," as used in § 1915(g), "parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (internal quotation marks omitted). A case is "frivolous" within the meaning of § 1915(g) if "it is of little weight or

importance: having no basis in law or fact." *Id.* (internal quotation marks omitted).  Further, because § 1915(g) is a procedural rule that does not raise retroactivity concerns, cases dismissed before the effective date of § 1915(g) may be counted as qualifying dismissals or "strikes."  *See Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).  A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claim if he pays the full filing fee at the outset of the action.

It appears that plaintiff has at least four strikes pursuant to § 1915(g):

- *Law v. Benitez*, No. 06-1061 OWW LJO (E.D. Cal.) Docket Nos. 10, 11.
- *Law v. Green*, No. 07-1071 LJO DLB (E.D. Cal.) Docket Nos. 8, 10.
- *Law v. Miller*, No. 11-1339 LJO SKO (E.D. Cal.) Docket Nos. 13, 14.
- *Law v. Domico*, No. 10-2225 BAM (E.D. Cal.) Docket No 19.

Plaintiff shall show cause within **fourteen (14) days**, why this case should not be deemed three strikes barred and the application to proceed in forma pauperis denied. Failure to reply will result in dismissal.

**IT IS SO ORDERED.**

Dated: September 11, 2015.

NANDOR J. VADAS
United States Magistrate Judge